UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-0265 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| PHILLIP CROSBY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are three motions filed by Defendant Phillip Crosby ("Crosby"): (1) a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 57], along with a supplemental memorandum ordered by the Court [Record Document 67]; (2) a motion captioned as a motion to "clarify the record" as to his § 2255 motion [Record Document 72]; and (3) a motion captioned as a "motion for summary judgment" [Record Document 80]. The Government opposes Crosby's motion to reduce sentence based on 28 U.S.C. § 2255 and contends Crosby is not entitled to relief. Record Documents 60 & 68.

For the reasons assigned herein, Crosby's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 57] is **DENIED** and **DISMISSED WITH PREJUDICE**. Crosby's motion to "clarify the record" as to his § 2255 motion [Record Document 72] is **DENIED** and Crosby's "motion for summary judgment" [Record Document 80] is **DENIED AS MOOT**.

## Background

On August 28, 2019, Crosby was named in a four-count indictment charging him with: (1) possession with intent to distribute five grams or more of methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and (4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Record Document 1. Crosby pleaded guilty to possession with intent to distribute five grams or more of methamphetamine. Record Document 41.

Prior to sentencing, the U.S. Probation Office compiled Crosby's pre-sentence investigation report ("PSR"). Record Document 46. The PSR categorized Crosby as a career offender based on four previous Louisiana state convictions under § 4B1.1(a) of the Sentencing Guidelines. *Id.* at 6. Those convictions included two convictions for attempted simple robbery, one conviction for attempted distribution of marijuana, and one conviction for attempted distribution of methamphetamine. *Id.* at 6-11. The PSR explained that a modified categorical approach was used to determine the relevance of each conviction. *Id.* at 6. Because of his categorization as a career offender, the PSR found, and the Court agreed, that Crosby had a total offense level of thirty-one and a criminal history category of VI.[1] *Id.* at 7, 12. Accordingly, Crosby's Guideline range was 188 to 235 months. *Id.* at 16. Crosby's counsel did not object to the PSR. Record

---

[1] Even without his categorization as a career offender, Crosby's prior criminal convictions merited a criminal history category of VI. Crosby had nineteen total criminal history points, including two status points. Even after an application of Amendment 821 to the Sentencing Guidelines, Crosby would have eighteen total criminal history points, which still merits a criminal history category of VI. Thus, the categorization of Crosby as a career offender had no effect on his criminal history category. However, without the career offender categorization, Crosby's offense level would have been twenty-two instead of thirty-one.

Document 55 at 8. Crosby was sentenced to 188 months, minus 18 months already served pursuant to the state sentence for the same offense, for a total of 170 months. Record Document 51 at 2.

Crosby appealed his conviction to the Fifth Circuit, arguing that his state law convictions were attempted crimes and that, as attempts, they were improperly considered as predicate convictions sufficient to trigger the career offender enhancement. Because Crosby's counsel did not object at sentencing, the Fifth Circuit reviewed the Court's sentencing determinations for plain error. *United States v. Crosby*, 838 F. App'x 891, 892 (5th Cir. 2021). The Fifth Circuit rejected Crosby's argument and affirmed the judgment of the district court. The Fifth Circuit reasoned that it had previously held that "inchoate offenses may be used as predicate crimes" and there was no reason that the commentary to U.S.S.G. § 4B1.2 authorizing the use of inchoate offenses as predicates should not be enforced. *Id.* at 893.

On April 22, 2021, Crosby filed the instant motion, arguing that his counsel was ineffective for failing to object to the Court's use of his two Louisiana attempted robbery convictions to find he was a career offender. Record Document 57 at 4. Crosby submits that he asked his counsel to object to the PSR's finding of the attempted robbery convictions as predicate offenses, but his counsel declined to do so. Record Document 57-1 at 3.

In July 2022, Crosby requested that the Court stay its consideration of his § 2255 motion because he moved the Fifth Circuit to recall its mandate in light of the United States Supreme Court's ruling in *United States v. Taylor*, 596 U.S. 845 (2022). Record

3

Document 63. On July 19, 2022, the Court granted the stay. Record Document 64. On August 29, 2022, the Court lifted the stay. Record Document 66. In doing so, the Court also ordered the parties to submit supplemental briefings to address new Fifth Circuit and Supreme Court precedent on crimes of violence, and whether and to what extent that precedent was applicable to Crosby's § 2255 motion. *Id.* Crosby submitted a supplement arguing that his attempted simple robbery convictions were not categorically crimes of violence and that his attempted distribution convictions were not categorically controlled substance offenses. Record Document 67. The Government opposed the supplement, largely arguing that the Fifth Circuit's denial of his appeal was controlling and that, in any event, an ineffective assistance claim was the improper avenue for relief. Record Document 68.[2]

## **Law & Analysis**

### I.     28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to

---

[2] On November 25, 2024, Crosby filed another motion captioned as a "motion for summary judgment." Record Document 80. In that motion, Crosby requested the Court rule on his § 2255 motion and again argued that his attempted robbery convictions were not crimes of violence and his attempted distribution convictions were not controlled substance offenses. The Court acknowledges that Crosby is a *pro se* litigant and his filings are therefore "entitled to the benefit of liberal construction." See *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). However, Crosby's "motion for summary judgment," presents the same arguments as does his § 2255 motion and supplement. As explained *infra*, those arguments are without merit. Therefore, Crosby's motion captioned as a "motion for summary judgment" [Record Document 80] is **DENIED AS MOOT**.

impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (internal quotations and citations omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Alleged sentencing issues and misapplication of the Sentencing Guidelines are not cognizable on a § 2255 motion, but a defendant may bring a claim that their counsel rendered ineffective assistance by failing to make the argument when it was cognizable. The Court may consider an ineffective assistance claim raised for the first time on a § 2255 motion. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

To state a successful claim of ineffective assistance of counsel, a petitioner must demonstrate two things: (1) counsel's performance was deficient, and (2) the deficient

5

performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to establish either prong of the *Strickland* test will result in a finding that counsel's performance was constitutionally effective. *Id.*; *see also Tucker v. Johnson,* 115 F.3d 276, 280 (5th Cir. 1997). The petitioner bears the burden of proof of showing both prongs are met. *See Strickland*, 466 U.S. at 687. A court may reject an ineffective assistance of counsel claim upon an insufficient showing of either deficient performance or prejudice without inquiry into the remaining prong. *See id.* at 689-94.

When determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation omitted). If a tactical decision is "conscious and informed … [, it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999). Courts must be "highly deferential" to counsel's performance and make every effort "to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Thus, this Court's review "strongly presum[es] that counsel has exercised reasonable professional judgment." *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) (quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986)).

To establish the second prong of prejudice, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable

6

probability is a probability sufficient to undermine confidence in the outcome." *Id.* A defendant is not prejudiced if "the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Self-serving conclusory statements that the outcome would have been different "fall[ ] far short of satisfying *Strickland*'s prejudice element." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001).

## II. Analysis

Crosby claims his counsel was ineffective for failing to challenge the Court's use of his attempted robbery convictions to find that he was a career offender. Record Document 57. Crosby was classified as a career offender based on both his two convictions for attempted simple robbery and his two convictions for attempted distribution of controlled substances. Record Document 46 at 6-11. Crosby argues that his four convictions were for attempted crimes and that, as attempts, the convictions did not constitute predicates for the career offender enhancement. Record Documents 57 & 67.

### A. Ineffective Assistance of Counsel

While alleged sentencing issues and misapplication of the Sentencing Guidelines are not cognizable on a § 2255 motion, a defendant may bring a claim that their counsel rendered ineffective assistance by failing to make the argument when it was cognizable. *See United States v. Williamson*, 183 F.3d 458 (5th Cir. 1999). Thus, Crosby can claim that his counsel was ineffective by failing to raise these objections at his sentencing. However, "[c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990);

*United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

If raised, Crosby's counsel's objection would have been meritless. The Fifth Circuit addressed and denied Crosby's argument as to both the attempted robbery and attempted distribution convictions on appeal. *See Crosby*, 838 F. App'x 891. Crosby was not denied effective assistance because any objection to the use of the attempted robbery and/or attempted distribution convictions as predicates would have been without merit.

### B. Unlawfulness or Unconstitutionality of the Sentence

However, even if Crosby's ineffective assistance claim is without merit, Crosby is a *pro se* prisoner and his filings are "entitled to the benefit of liberal construction." *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). Crosby claims neither his attempted robbery convictions nor his attempted distribution convictions qualify as predicate offenses by their very nature. Based on Crosby's filings, the Court finds that Crosby also raises the question of whether his sentence was otherwise unlawful or unconstitutional such that it could be challenged under 28 U.S.C. § 2255 because the Court used Crosby's two attempted robbery convictions and/or two attempted distribution convictions to determine Crosby was a career offender. Indeed, the Fifth Circuit's denial of Crosby's appeal came before the Supreme Court's decision in *Taylor*, which found that attempted Hobbs Act robbery does not constitute a crime of violence. *See* 596 U.S. at 860. While the Government is correct that *Taylor* is not directly applicable to Crosby, it

8

was because of *Taylor* and its progeny that this Court ordered the parties to address developing law on the use of attempt convictions as predicates. *See* Record Document 66.[3]

The Court therefore considers whether the Court's classification of Crosby as a career offender was proper. The career offender enhancement applies when the following three conditions are met:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (U.S. Sent'g Comm'n 2018).[4] When all three conditions are met, the defendant's criminal history category is converted to a Category VI, and their offense level is adjusted based on the offense's statutory maximum. *Id.* § 4B1.1(b). Crosby claims that he did not fulfill the third requirement to trigger the enhancement because his attempted robbery convictions did not constitute crimes of violence and his attempted distribution convictions did not constitute controlled substance offenses. Relying on the PSR, the Court used all four convictions as predicate offenses. But only two qualifying

---

[3] Crosby argued in his original § 2255 motion that the Court's use of his prior convictions was improper because they were inchoate offenses. *See* Record Document 57. Additionally, Crosby raised an argument specific to his controlled substance offenses in his reply brief and again in his Court-ordered supplement. *See* Record Documents 61 at 3 & 67 at 5-6. The Government did not object to these arguments as untimely, and the Court declines to raise the question of timeliness *sua sponte*.

[4] To evaluate Crosby's claim, the Court uses the Sentencing Guidelines in effect on the date of Crosby's July 9, 2020 sentencing. *See United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014).

9

convictions are necessary to meet the third requirement. Thus, to succeed on his claim, Crosby would have to show that his attempted robbery convictions did not qualify as crimes of violence *and* that his attempted distribution offenses did not qualify as controlled substance offenses. This is because the career offender enhancement is triggered when there are just two relevant convictions. *See id.* § 4B1.1(a). He cannot do so.

The Court first considers its categorization of Crosby's attempted distribution offenses as controlled substance offenses sufficient to trigger the career offender enhancement. If the Court finds that these two offenses are sufficient to trigger the career offender enhancement, it is not necessary for the Court to address Crosby's arguments as to his attempted robbery convictions. As to the attempted distribution offenses, Crosby makes two arguments. First, Crosby argues that because the two convictions are for attempted crimes, not completed crimes, they were improperly considered as predicate convictions. Record Documents 67 at 5-6 & 69 at 2. Second, Crosby argues that because Louisiana law's definition of "attempt" is broader than the Guideline definition of attempt, attempted crimes in Louisiana criminalize a broader swath of activity than the Guidelines and therefore cannot be properly considered as predicate convictions. *Id.*

Crosby's argument that his convictions were improper predicates because they are inchoate offenses is without merit. At the time of Crosby's sentencing, the language authorizing the use of inchoate offenses as predicates appeared only in the Guidelines commentary, rather than the substantive text of the Guidelines. U.S.S.G. § 4B1.1 cmt. 1 (U.S. Sent'g Comm'n 2018). But even when the language authorizing the use of inchoate

offenses appeared only in commentary, the Fifth Circuit held that commentary to be binding. *United States v. Vargas*, 74 F.4th 673, 698 (5th Cir. 2023) (holding that this Guideline comment was "binding because it d[id] not 'violat[e] the dictates of' § 4B1.2(b)'" (quoting *Stinson v. United States*, 508 U.S. 36, 43 (1993)), *cert. denied*, 144 S. Ct. 828 (2024). Therefore, at the time of Crosby's sentencing, his attempted distribution charges were properly considered predicate offenses. The same is true today. Since Crosby's appeal, the Sentencing Guidelines have been amended and the language authorizing the use of inchoate offenses now appears in the text of the Guidelines. *See* U.S.S.G. § 4B1.2(d).

Crosby's second argument is that because the Louisiana state law definition of "attempt" is broader than the Guidelines definition, Louisiana criminalizes a broader swath of activity than the Guidelines. Record Documents 67 at 5-6 & 69 at 2. He argues that Louisiana attempt convictions are therefore improper predicates for the career offender enhancement. *See id.* In general, "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense." *United States v. Flores*, 922 F.3d 681, 684 (5th Cir. 2019) (citing *Mathis v. United States*, 579 U.S. 500, 510 (2016)).

Louisiana Revised Statute § 14:27(A) defines attempt as follows: "Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended … ." *See State v. Tillman*, 104 So. 3d 480, 488 (La. App. 2 Cir. 2012) ("A conviction for an attempted offense must rest upon sufficient proof that … the

11

offender committed or omitted an act for the purpose and tending directly toward the accomplishing of his object."), *writ denied sub nom. State ex rel. Tillman v. State*, 105 So. 3d 714 (La. 2013).

Because the Guidelines do not define "attempt," the Fifth Circuit "employs a common-sense approach and define[s] the term according to its generic, contemporary meaning." *United States v. Sanchez*, 667 F.3d 555, 560 (5th Cir. 2012) (quoting *United States v. Rosas–Pulido*, 526 F.3d 829, 834 (5th Cir. 2008)).

> [The Fifth Circuit] ha[s] held that the generic, contemporary actus reus requirement for attempt is the Model Penal Code's "substantial step" test. The substantial step test provides that "[a] person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he ... purposely does **or omits** to do anything that, under the circumstances as he believes them to be, is an act **or omission** constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

*Id.* at 562 (footnote omitted) (emphasis added). When comparing what is criminalized by state law with the Guideline definition, the Fifth Circuit therefore looks to "whether the [state] attempt statute criminalizes conduct that would not satisfy the substantial step test" based on "realistic probabilities, not theoretical possibilities." *Id.* at 563.

Contrary to Crosby's assertion, like the Louisiana attempt statute, the Fifth Circuit reads into the Sentencing Guidelines that a person may purposely do *or omit* an act that is a substantial step. The Louisiana Supreme Court has explained the same about the state's attempt statute: "The State must ... prove defendant committed or omitted 'an act for the purpose of and tending directly toward the accomplishing of his object,' sometimes referred to as an 'overt act.'" *State v. Jones*, 74 So. 3d 197, 202 (La. 2011) (quoting *State v. Ordodi*, 946 So. 2d 654, 661 (La. 2006)); *see also State v. Williams*, 103 So. 3d 412,

12

413 (La. App. 2 Cir. 2012) ("An attempt requires a specific intent to commit the crime and an overt act in furtherance of the crime. Mere preparation is not sufficient."). In other words, Louisiana does require an overt act be proven beyond a reasonable doubt. It simply allows that overt act to be completed by an action or omission—just as the Fifth Circuit does. While Louisiana does not explicitly refer to its approach as the "substantial step test," its analysis tracks that of the substantial step test. See *Jones*, 74 So. 3d at 202. The Court finds that the Louisiana attempt statute does not criminalize a broader swath of conduct than the Sentencing Guidelines. Accordingly, Crosby's two attempted distribution convictions are controlled substance offenses that serve as predicates for the career offender enhancement.

Because the two attempted distribution offenses were sufficient to trigger the career offender enhancement, the Court does not address Crosby's arguments as to the attempted robbery convictions. In sum, Crosby had at least two criminal convictions that were properly categorized by the Court as controlled substance offenses sufficient to trigger the career offender enhancement. The fact that the convictions were for attempts does not change that conclusion. Attempts were properly considered as predicates under Fifth Circuit precedent at the time of Crosby's convictions and are properly used today. Further, the Louisiana state law definition of attempt does not sweep broader than the Guideline definition. Crosby was properly classified as a career offender based on his attempted distribution offenses alone.

## Conclusion

For the reasons assigned herein, Crosby's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 57] is **DENIED** and **DISMISSED WITH PREJUDICE**. To the extent that Crosby's motion captioned as a "motion to clarify" his motion pursuant to 28 U.S.C. § 2255 can be construed as an independent motion, that motion [Record Document 72] is **DENIED**. Crosby's motion captioned as a "motion for summary judgment" [Record Document 80] is **DENIED AS MOOT**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Crosby has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 10th day of January, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE